```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD LUCIANO,

                Plaintiff,              DECISION
v.                                      and ORDER

CITY OF ROCHESTER,                      08-CV-6264

                Defendant.
_____
```

## INTRODUCTION

Plaintiff Richard Luciano, ("Luciano"), a former probationary employee of the defendant City of Rochester ("the City"), brings this action pursuant to the Americans with Disabilities Act of 1990 (the "ADA") claiming that the defendant discriminated against him on the basis of a disability, by terminating his employment after learning of an alleged hearing impairment. Specifically Luciano claims that after the City obtained results of his hearing test conducted by the City, his employment as an operations worker for the City's Department of Environmental Services was terminated.

Defendant moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on grounds that plaintiff has failed to state a cause of action for disability discrimination. Plaintiff, who is represented by counsel, has not opposed the defendant's motion. For the reasons set forth below, I grant the

1

defendant's motion and dismiss plaintiff's Complaint with prejudice.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, ___; 127 S.Ct. 1769, 1776 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at ___; 127 S.Ct. at 1776 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986).

In the instant case, plaintiff claims that he was discriminated against on the basis of his alleged hearing disability. Section 12112 of the ADA prohibits discrimination against qualified individuals with a disability with respect to conditions of employment including hiring, advancement, discharge and compensation. 42 U.S.C.A. § 12112(a) (1995). To state a prima facie case of discrimination under the ADA, a plaintiff must

demonstrate that (1) he is a handicapped person within the meaning of the ADA; (2) he is otherwise qualified to perform the duties of his former job; (3) adverse employment action was taken against him because of her handicap; and that (4) his employer is subject to the anti-discrimination provisions of the ADA. Joyce v. Suffolk County, 911 F.Supp. 92, 94 (E.D.N.Y. 1996) (citations omitted). However, because Luciano has failed to establish that he is a handicapped person within the meaning of the ADA, and has failed to establish that his employer knew of his alleged disability, I find that plaintiff has failed to establish a prima facie case of disability discrimination under the ADA.

It is well settled under federal law that the mere presence of a medical condition or impairment suffered by a plaintiff does not establish that the plaintiff is disabled under the ADA. Toyota Motor Mfg., Kentucky v. Williams 534 U.S. 184, 195 (2002)("[m]erely having an impairment does not make one disabled for purposes of the ADA")[1]. Rather, to establish the existence of a disability, a plaintiff must demonstrate that he or she suffers from a physical or mental impairment that "substantially limits one or more major

---

[1] Although the ADA Amendments Act of 2008 substantially changed the definition of the term "disability" as used in the ADA, and specifically abrogated much of the Supreme Court's precedent on the issue, the Amendments did not take effect until January 1, 2009, and were not made retroactive. Accordingly, this court applies the law that was in effect at the time the complained-of acts occurred. See Kravar v. Triangle Services, Inc., 2009 WL 805807 n. 3 (S.D.N.Y., March 27, 2009).

life activities . . . ." 42 U.S.C. § 12102(2)(A). "Major life activities" are defined in the regulations promulgated by the EEOC as "functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 45 C.F.R. § 84.3(j)(2)(ii).

To be "substantially impaired" from performing a major life activity, a plaintiff must have an impairment that "prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." Toyota, 122 S.Ct. at 691. Moreover, "[t]he impairment's impact must also be permanent or long term." Id. See also 29 C.F.R. § 1630.2(j)(1)(i)-(ii)(A major life activity is substantially limited when an individual cannot perform an activity that an average person in the general population could perform, or faces significant restrictions in the "condition, manner, or duration under which the individual can ... perform [the] activity.") Finally, the determination of whether or not a person suffers a disability under the ADA "is an individualized inquiry" that does not rest on the mere diagnosis of an impairment. Sutton v. United Airlines, 527 U.S. 471, 483 (1999). Instead, courts are to look to "the effect of [an] impairment on the life of the individual." 29 CFR pt. 1630, App. § 1630.2(j). See also, Reeves v. Johnson Controls World Servs., Inc., 140 F.3d 144, 151 (2d Cir.1998)(disability determinations to be made on an individualized case-by-case basis).

In this case, there is no medical evidence in the record demonstrating that he suffers from a hearing impairment. Moreover, the test results from the hearing test conducted by the City of Rochester demonstrate affirmatively that the plaintiff does not have a hearing disability. Plaintiff has not submitted any evidence of any kind in support of his claim of a hearing disability, and accordingly, I find that plaintiff has failed to establish that he is a qualified person with a disability under the ADA.

Additionally, the uncontroverted evidence demonstrates that plaintiff never informed the City of his alleged disability. In a form filled out by Luciano during his employment, he answered "no" to the question "Do you have a disability?" Defendant's Statement of Undisputed facts at ¶ 6. Nor is there any evidence in the record that plaintiff informed anyone that he had a hearing disability. Because an employer can not be liable for disability discrimination if the employer did not know that the employee suffered a disability, or regarded the employee as suffering from a disability, I find that plaintiff has failed to state a claim of disability discrimination. See <u>Heilweil v. Mount Sinai Hospital</u>, 32 F.3d 718, 725.

## CONCLUSION

For the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's Complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

DATED: Rochester, New York
March 10, 2010